■ HENRIETTA G. CHRISTIAN, Respondent, v WILLIAM L. CHRISTIAN, Appellant.—In an action for divorce, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County, dated April 19, 1974, as, after a nonjury trial, (1) declared that the parties' separation agreement was null and void, (2) dismissed his counterclaim for divorce based upon the agreement and (3) directed the parties to resume their marital relationship. Judgment reversed insofar as appealed from, on the law and the facts, without costs, defendant is granted a divorce on his counterclaim, pursuant to section 170 (subd. [6]) of the Domestic Relations Law, and the last (fourth) paragraph of provision designated "6" of the parties' separation agreement is declared null and void. The record before us does not support the findings of fact made by Special Term to the effect that defendant was guilty of fraud or overreaching with regard to the formulation or signing of the separation agreement. Plaintiff claimed fraud in the inducement as an affirmative defense to defendant's counterclaim, but has, in our opinion, failed to sustain her burden of proof on this issue (*Matthews v Schusheim*, 42 AD2d 217). The parties have lived separate and apart from each other pursuant to their agreement, which was properly executed and filed, and each has adhered to the terms thereof for a period of more than one year. As the statutory requirements have been fulfilled, defendant is entitled to the decree of divorce which he seeks. While we so hold, we however declare null and void the contested last (fourth) paragraph of provision designated "6" of the parties' separation agreement. In our view plaintiff was not represented by an attorney who was acting solely in her interests, and her knowledge of financial matters was not equal to that of her husband. The lawyer representing plaintiff was suggested to her by defendant, who told her not to reveal the extent of her estate to the lawyer. Although it does not appear that defendant deliberately withheld any information from his wife with the intention of coercing her into signing the separation agreement, in view of the above-stated facts, the relative values of the properties to be divided as shown on "Schedule A" of the agreement and the high price plaintiff was apparently prevailed upon to pay for her husband's signature upon the separation agreement, it is our opinion that the fourth paragraph of provision "6" of the agreement is so unconscionable as to be unenforceable. The agreement provides that if any provision thereof is "held to be invalid or unenforceable," the remainder of the agreement shall continue in full force and effect. Defendant signed the agreement after reading it, without objection to this provision. While we are not in complete disagreement with Special Term's view in this case and with its final determination, we do not believe that the parties should be deprived, at this late date, of the divorce which they have both sought, by requiring them to begin anew. We are also of the view, however, that plaintiff should not, under the circumstances presented, be held to pay such substantial sums of money to her husband upon the advent of such divorce in compliance with a portion of the separation agreement which is tainted with unconscionability (see *Riemer v Riemer*, 48 Misc 2d 873, 874, affd 25 AD2d 956). Gulotta, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.